IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| VENTRONICS SYSTEMS, LLC.<br><br>      Plaintiff,<br><br>v.<br><br>DRÄGER MEDICAL GmbH,<br>DRAEGER MEDICAL, INC.,<br>DRAEGER MEDICAL SYSTEMS, INC.,<br>MAQUET CRITICAL CARE AB,<br>MAQUET, INC.,<br>HAMILTON MEDICAL AG,<br>HAMILTON MEDICAL, INC.,<br>EVENT MEDICAL, LTD., and<br>EVENT MEDICAL, INC.,<br><br>      Defendants. | Civil Action No.: 6:10-cv-582<br><br>**Jury Trial Demanded** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff, Ventronics Systems, LLC ("Ventronics Systems" or "Plaintiff"), complains against Defendants Dräger Medical GmbH, Draeger Medical, Inc., Draeger Medical Systems, Inc., Maquet Critical Care AB, Maquet, Inc., Hamilton Medical AG, Hamilton Medical, Inc., eVent Medical, Ltd. and eVent Medical, Inc. (collectively "Defendants"), as follows:

**PARTIES**

1.  Plaintiff Ventronics Systems, LLC is a Delaware corporation having its principal place of business at 200 Cascade Boulevard, Milford, CT 06460.

2.  Upon information and belief, Defendant Dräger Medical GmbH ("Dräger GmbH") is a limited liability company organized under the laws of Germany having its principal place of business at Moislinger Alllee 53-55, 23558, Lübeck, Germany.

3. Upon information and belief, Defendant Draeger Medical, Inc. is a Delaware corporation having its principal place of business at 3135 Quarry Road, Telford, Pennsylvania 18969.

4. Upon information and belief, Defendant Draeger Medical Systems, Inc. is a Delaware corporation having its principal place of business at 3135 Quarry Road, Telford, PA 18969.

5. Upon information and belief, Defendant Maquet Critical Care AB is a corporation organized under the laws of Sweden having a principal place of business at Röntgenvägen 2 SE-171 54, Solna, Sweden.

6. Upon information and belief, Defendant Maquet, Inc. is a Delaware corporation having its principal place of business at 45 Barbour Pond Dr., Wayne, NJ 07470.

7. Upon information and belief, Defendant Hamilton Medical AG is a corporation organized under the laws of Switzerland having a principal place of business at Via Crusch 8, CH-7402 Bonaduz, Switzerland.

8. Upon information and belief, Defendant Hamilton Medical, Inc. is a Delaware corporation having its principal place of business at 4990 Energy Way, Reno NV 89502.

9. Upon information and belief, Defendant eVent Medical, Ltd. is a company organized under the laws of Ireland having a principal place of business 29 Glenrock Business Park, Ballybane, Galway, Ireland.

10. Upon information and belief, Defendant eVent Medical, Inc. is a Delaware corporation having its principal place of business at 971 Calle Amanecer, Suite 101, San Clemente, CA 92673.

## JURISDICTION AND VENUE

11.   This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.   Upon information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

13.   Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## GENERAL ALLEGATIONS

14.   Ventronics Systems is the owner by assignment of United States Patent No. 5,931,160 (the "'160 patent") entitled "Ventilator Control System and Method."  The '160 patent was duly and legally issued on August 3, 1999.  A true and correct copy of the '160 patent is attached as Exhibit A.

15.   Ventronics Systems is the owner by assignment of United States Patent No. 6,584,973 (the "'973 patent") entitled "Ventilator Control System and Method."  The '973 patent was duly and legally issued on July 1, 2003.  A true and correct copy of the '973 patent is attached as Exhibit B.

### Count I—Infringement of the '160 Patent

16.   On information and belief, Defendants Dräger Medical GmbH (and its predecessor), Draeger Medical, Inc., and Draeger Medical Systems, Inc. (collectively,

"Draeger") have been and are now directly infringing, and/or inducing infringement by others, and/or contributing to the infringement of others of one or more claims of the '160 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Draeger's infringement includes, among other things, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, medical devices including, without limitation, the Evita line of ventilators.  Draeger is thus liable for infringement of the '160 patent pursuant to 35 U.S.C. § 271.

17. On information and belief, Draeger's infringement of the '160 patent is willful for at least the reasons described below, thus making this an exceptional case pursuant to 35 U.S.C. § 284.

18. Dräger Medical AG & Co. KGaA ("Dräger KGaA") filed U.S. Patent Application Ser. No. 10/079,604 (the "'604 application") on February 20, 2002, naming Thomas Krüger, Hartmut Schmidt and Hans-Georg Wahle as inventors entitled, "Clearing Modes of Operation of Medical Engineering Devices."  The '604 application issued as U.S. Patent No. 6,968,843 (the "'843 patent") on November 29, 2005, a true and correct copy of which is attached as Exhibit C.

19. On information and belief, Dräger KGaA is the ultimate parent to each of the Draeger Defendants named in this Complaint.

20. As part of specification of the '604 application, Dräger KGaA wrote: "A device and a processor for controlling a respirator are described in U.S. Pat. No. 5,931,160.  The different modes of operation are performed or modified on the device according to rules set on the device before according to the user's specification."  See Exhibit C, '843 patent, col. 1, ll. 19-23.  The specification goes on to explain an alleged improvement to the inventions described in the '160 patent.

21.     As part of the '604 application, attorneys acting on Dräger KGaA's behalf submitted an information disclosure statement (IDS) to the U.S. Patent Office on February 20, 2002.  A copy of the February 20, 2002 IDS is attached as Exhibit D.  The only reference that Dräger KGaA cited to the U.S. Patent Office in the February 20, 2002 IDS was the '160 patent.

22.     On September 22, 2004, a U.S. Patent Examiner issued an Office Action pertaining to the '604 application, a copy of which is attached as Exhibit E.  As part of the September 22, 2004 Office Action, the Examiner rejected all twenty of the then-pending claims as being anticipated by the '160 patent under 35 U.S.C. § 102(b).  *Id*. at 4.  The Examiner also cited the '973 patent as additional prior art "fully capable of being programmed to carry out the processes as claimed."  *Id*. at 6.

23.     The '843 patent claims were only allowed after all twenty claims were either amended or cancelled in view of the rejection based on the '160 patent.

24.     Draeger does not have a license or authorization to practice the claims of the '160 patent or the '973 patent, nor has it inquired about obtaining a license for same.

25.     In view of Draeger's explicit knowledge of the '160 and '973 patents through Dräger KGaA's prosecution of the '843 patent, and upon information and belief that Draeger has acted objectively reckless in pursuing conduct that infringes the '160 patent, Draeger is liable for enhanced damages for willful infringement pursuant to 35 U.S.C. § 284.

26.     On information and belief, Defendants Maquet Critical Care AB and Maquet, Inc. (collectively, "Maquet") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement of others of one or more claims of the '160 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Maquet's infringement includes, among other things, making, using, offering for sale, and/or selling within

the United States, and/or importing into the United States, medical devices including, without limitation, the Servo ventilator devices. Maquet is thus liable for infringement of the '160 patent pursuant to 35 U.S.C. § 271.

27.  On information and belief, Maquet's infringement of the '160 patent is willful for at least the reasons described below, thus making this an exceptional case pursuant to 35 U.S.C. § 284.

28.  On June 11, 2003, Siemens Elema AB ("Siemens") filed U.S. Patent App. Ser. No. 10/459,279 (the "'279 application") entitled "Medical Ventilator with a Graphics Interface Allowing Designation of Target Values." The '279 application published as US2003/0230308 on December 18, 2003 (the "'308 application") and is attached as Exhibit F. The '308 application claimed priority to a corresponding foreign application that was filed on June 18, 2002. Paragraph 0008 of the published U.S. application reads:

> U.S. Pat. No. 5,931,160 describes a control system for ventilators, which allows an essentially free setting of different breathing parameters. The setting is achieved via usual installation methods. The input values can be displayed on a screen. This programming requires the user to enter a whole range of parameters, successively leading to a ventilation mode.

Exhibit F, '308 application at ¶ 0008.

29.  On information and belief, Maquet became the successor-in-interest on or about October 9, 2003 to the assets owned by the Siemens subsidiary responsible for Siemens' prior ventilator business, namely, Siemens Life Support Systems.

30.  On November 11, 2003, Maquet informed the U.S. Patent Office of the '160 patent through its attorney, Steven H. Noll, of the Schiff Hardin LLP law firm. A copy of the November 11, 2003 Information Disclosure Statement is attached as Exhibit G. The '160 patent

was also cited on the face of at least two other Siemens patents, including U.S. Patent Nos. 6,298,848 and 6,578,575, each prosecuted by the Schiff Hardin law firm.

31.     Maquet does not have a license or authorization to practice the claims of the '160 patent or the '973 patent, nor has it inquired about obtaining a license for same.

32.     In view of the explicit knowledge of at least the '160 patent by Maquet and its predecessor in interest, Siemens, and upon information and belief that Maquet has acted objectively reckless in pursuing conduct that infringes the '160, Maquet is liable for enhanced damages for willful infringement pursuant to 35 U.S.C. § 284.

33.     On information and belief, Defendants Hamilton Medical AG and Hamilton Medical, Inc. (collectively, "Hamilton") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement of others of one or more claims of the '160 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Hamilton's infringement includes, among other things, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States medical devices including, without limitation, the Hamilton G5, C2, and/or Galileo-series ventilator devices. Hamilton is thus liable for infringement of the '160 patent pursuant to 35 U.S.C. § 271.

34.     On information and belief, Defendants eVent Medical Ltd. and eVent Medical, Inc. (collectively, "eVent Medical") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement of others of the '160 patent in the State of Texas, in this judicial district, and elsewhere in the United States. eVent Medical's infringement includes, among other things, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, medical devices, including, without

limitation, the Inspiration and Inspiration LS ventilator devices. eVent Medical is thus liable for infringement of the '160 patent pursuant to 35 U.S.C. § 271.

35. As a direct and proximate cause of Defendants' infringement of the '160 patent, CPC has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but such damages are in no event less than a reasonable royalty together with interest and costs as fixed by the Court.

### Count II—Infringement of the '973 Patent

36. Plaintiff incorporates and renews the allegations of paragraphs 1 through 48 as if set forth fully herein.

37. On information and belief, Defendants Maquet Critical Care AB and Maquet, Inc. (collectively, "Maquet") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement of others of one or more claims of the '973 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Maquet's infringement includes, among other things, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, medical devices including, without limitation, the Servo ventilator devices equipped with the Automode® feature. Maquet is thus liable for infringement of the '973 patent pursuant to 35 U.S.C. § 271.

38. On information and belief, Maquet's infringement of the '973 patent is willful based, at least in part, on reasons described in paragraphs 30 through 35 of this complaint, in addition to other facts set forth below.

39. On information and belief, Defendants eVent Medical Ltd. and eVent Medical, Inc. (collectively, "eVent Medical") have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement of others of the '973 patent in the

State of Texas, in this judicial district, and elsewhere in the United States. eVent Medical's infringement includes, among other things, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, medical devices, including, without limitation, the Inspiration and Inspiration LS ventilator devices equipped with Auto mode. eVent is thus liable for infringement of the '160 patent pursuant to 35 U.S.C. § 271.

40.     As a direct and proximate cause of Maquet's and eVent's infringement of the '973 patent, CPC has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but such damages are in no event less than a reasonable royalty together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Ventronics Systems requests that this Court enter:

1.  A judgment in favor of Ventronics Systems that Defendants Dräger Medical GmbH, Draeger Medical, Inc., and Draeger Medical Systems, Inc. have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '160 patent, and that such infringement was willful;

2.  A judgment in favor of Ventronics Systems that Defendants Maquet Critical Care AB and Maquet, Inc. have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '160 patent, and that such infringement was willful.

3.  A judgment in favor of Ventronics Systems that Defendants Hamilton Medical AG and Hamilton Medical, Inc. have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '160 patent.

4. A judgment in favor of Ventronics Systems that Defendants eVent Medical Ltd. and eVent Medical, Inc. have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '160 patent.

5. A judgment in favor of Ventronics Systems that Defendants Maquet Critical Care AB and Maquet, Inc. have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '973 patent, and that such infringement was willful.

6. A judgment in favor of Ventronics Systems that Defendants eVent Medical Ltd. and eVent Medical, Inc. have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '973 patent.

7. An order requiring Defendants to pay Ventronics Systems its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '160 patent and/or '973 patents as provided under 35 U.S.C. § 284 with enhanced damages for willfulness where appropriate, including reasonable attorneys fees permitted under 35 U.S.C. § 285; and

8. An order awarding such additional relief to Ventronics Systems as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Ventronics, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ J. Thad Heartfield
J. Thad Heartfield (Texas Bar No. 09346800)
M. Dru Montgomery (Texas Bar No. 24010800)
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789
E-mail: thad@jth-law.com
E-mail: dru@jth-law.com

Michael E. Shanahan, Lead Counsel
*Pro hac vice application pending*
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Fax: (212) 547-5444
E-mail: mshanahan@mwe.com

Fay E. Morisseau
Texas Bar No. 14460750
John C. Low
Texas Bar No. 24050960
MCDERMOTT WILL & EMERY LLP
1000 Louisiana Street, Suite 3900
Houston, Texas 77002
Telephone: (713) 653-1781
Fax: (713) 739-7592
E-mail: fmorisseau@mwe.com
E-mail: jlow@mwe.com

ATTORNEYS FOR PLAINTIFF,
VENTRONICS SYSTEMS, LLC